UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. FORTE,

    Plaintiff,                                            Case No. 08-15206

                                                     Paul D. Borman
v.                                                   United States District Judge

                                                     Virginia M. Morgan
MARK C. McQUIGGAN,                     United States Magistrate Judge

    Defendant/
    Third Party Plaintiff,

v.

STANLEY J. TARGOSZ, JR.,

    Third Party Defendant.
_____/

OPINION AND ORDER
(1) AFFIRMING THE MAGISTRATE JUDGE'S FEBRUARY 23, 2010 ORDER GRANTING McQUIGGAN'S MOTION FOR DISCOVERY SANCTIONS (DKT. NO. 30);
(2) GRANTING DEFENDANT'S MOTION FOR IMPOSITION OF DISCOVERY SANCTIONS (DKT. NO. 25); AND
(3) DIRECTING DEFENSE COUNSEL TO SUBMIT A DETAILED ACCOUNTING OF THE TIME CLAIMED

On February 23, 2010, Magistrate Judge Virginia M. Morgan issued an Order Granting Defendant Mark C. McQuiggan's Motion for Imposition of Discovery Sanctions. (Dkt. No. 30.) Before this Court are Plaintiff's Objections Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure Regarding the Magistrate Judge's February 23, 2010 Order. (Dkt. No. 32.) Defendant has filed a response to Plaintiff's objections (Dkt. No. 34) and Plaintiff has filed a reply (Dkt. No. 35.) For the following reasons, the Court affirms the Magistrate Judge's decision to award

1

attorney's fees but orders Defendant's counsel to submit a detailed accounting in support of the claimed 30 hours spent in preparation and argument on the two motions to compel and in attempting to resolve the matter without resort to formal hearings. The Court will render a decision on the appropriate amount of the award of attorney's fees following Defendant's counsel's submission of the requested accounting.

**I.     BACKGROUND**

In this action, Plaintiff Forte sued Defendant McQuiggan to recover a claimed $100,000 investment, allegedly based on a promissory note from Plastic Recovery Systems International ("PRSI") payable to Plaintiff Forte. Defendant in this matter has been forced to file two motions to compel, attempting to obtain documents that form the very basis for Plaintiff's Complaint against him, i.e. the alleged Promissory Note and evidence of the financial transaction, which was represented to be a check in the amount of $100,000. Beginning in February, 2009, shortly after the filing of the Complaint, and up until the filing of the first motion to compel on August 28, 2009, Defendant's counsel continuously requested from Plaintiff copies of the Promissory Note and the cancelled check which allegedly formed the basis for Plaintiff's claims against Defendant. (Def.'s Resp. to Obj., Dkt. No. 34, p. 9.) Plaintiff did not file a response to the August 28, 2009 motion to compel and a hearing was held on the motion on October 19, 2009. (Minute Entry 10/19/09.) On October 22, 2009, Magistrate Judge Morgan issued an Order denying the motion as moot, indicating in her Order that Plaintiff had produced a xerox copy of the front and back of the check at issue in the motion and had indicated to the Court, despite ongoing concerns as to the authenticity of the check, that the xerox copy was all that his client had. (Dkt. No. 19, October 22, 2009 Order Denying as Moot Motion to Compel Discovery (D/E 10).)

On November 11, 2009, Defendant filed a second motion to compel, still seeking production of the alleged Promissory Note and seeking legible copies of the cancelled check as well as other documentation relating to the alleged Promissory Note transaction. (Dkt. No. 20.) Plaintiff filed a brief response indicating that none of the requested information was relevant and stating that he had already provided a copy of the cancelled check. (Dkt. No. 22.) On December 16, 2009, Magistrate Judge Morgan held hearing on Defendant's second motion to compel and on December 17, 2009 issued an order granting in part and denying in part the motion to compel, again ordering Plaintiff to produce signed copies of the Promissory Note and legible copies of the front and back of the alleged cancelled check, along with information relating to the checking account on which the check allegedly had been drawn. (Dkt. No. 24.)

In addition to granting Plaintiff an extension of time on October 21, 2009, extending discovery for 60 days until December 19, 2009 (Dkt. No. 17), Defendant also gave Plaintiff an additional couple of weeks, beyond the extended discovery cut-off, to comply with the Court's December 17, 2009 Order, based upon Plaintiff's representation that there had been a death in his family. (Def.'s Mot. for Sanctions, Dkt. No. 25, p. 2.) As of January 21, 2010, the date on which Defendant filed the motion for sanctions that is the subject of the current objections, Plaintiff still had not complied with the Court's order compelling him to produce, among other things, the documents that formed the very basis for his claims. Plaintiff never filed a response to Defendant's motion for sanctions.

On February 18, 2010, Magistrate Judge Morgan held a hearing on Defendant's motion for sanctions, at which time Plaintiff's counsel stated to the Court that in fact there was no signed copy of the alleged Promissory Note. (Dkt. No. 30, February 23, 2010 Order Granting McQuiggan's

3

Motion for Discovery Sanctions (#25).) On February 23, 2010, Magistrate Judge Morgan issued an Order Granting McQuiggan's Motion for Discovery Sanctions (Dkt. No. 30) and awarded Defendant attorney's fees in the amount of $11,850, an amount representing Defendant's counsel's hourly rate of $395.00 multiplied by 30 hours, the time spent in preparation and argument on the two motions to compel and the time spent attempting to resolve the matter without resort to formal hearings. (Dkt. No. 30, Order p. 1.) In her Order, Magistrate Judge Morgan explained the basis for her ruling:

> With respect to plaintiff's conduct, plaintiff has repeatedly failed to produce documents essential to his claim and finally concedes that with respect to the promissory note, no properly signed note was ever in existence. The court considered a jury instruction regarding adverse inference for failure to produce, but it appears that this case will be a bench trial. Plaintiff's intentional and repeated disregard of court orders cannot go unaddressed. Thus, the court award[s] sanctions against plaintiff in the amount of attorneys fees incurred in securing the previous orders and filing the instant motion. While dismissal is a sanction of last resort, in this case, it would be justified. The party's failure to cooperate was wilful and intentional. He brought suit on a note which did not exist and had no proper evidentiary support for his claimed investment. . . . Plaintiff offers no reason for failure to comply with the order. Failure to produce an accurate and authentic copy of the full canceled check, failure to produce documents as ordered, the concession that no singed copy of the promissory note ever existed, and failure to respond to this motion justifies sanctions in the form of attorney fees as well as dismissal.

(Dkt. No. 30, Order Granting Mot. for Sanctions, 2-3.) The Magistrate Judge did not order immediate dismissal but did order Plaintiff to pay attorney's fees in the amount of $11,850 by March 18, 2010 or face possible dismissal of his suit.

## II. STANDARD OF REVIEW

The standard of review under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(a) dictates that a magistrate judge's non-dispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir.2001). The

4

"clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision whether or not to award sanctions under Fed. R. Civ. P. 26(g) is reviewed under an "abuse of discretion" standard. *McHugh v. Olympia Entertainment, Inc.*, 37 F. App'x. 730, 741 (6th Cir. May 28, 2002) (unpublished).

## III. PLAINTIFF'S OBJECTION

Plaintiff does not contest the fact that he has failed to respond to Defendant's discovery requests or that he had also failed to comply with the Court's discovery orders or that Defendant has granted multiple extensions of time. In fact, Plaintiff does not object to the imposition of sanctions in principle, but only to the amount. Plaintiff acknowledges in his objections that "he should have been more timely and apologized in writing. The penalty is however clearly excessive . . . ." (Pl.'s Obj. 3.) In specific, Plaintiff objects that Magistrate Judge Morgan should not have included counsel's time for the earlier hearings, as to which she did not award costs at the time. (*Id.*)

Plaintiff cites no authority at all in his objections, and no authority specifically for the proposition that Magistrate Judge Morgan cannot award attorney's fees related to a motion as to which costs were earlier denied. The Court finds that, in view of Plaintiff's wilful and repeated refusals to comply with multiple discovery requests and court orders to produce documents that relate to the very heart of his claim, and his ultimate inability to do so, Magistrate Judge Morgan's award of attorney's fees was not clearly erroneous or contrary law. The Court however orders defense to counsel to submit a detailed accounting of the time claimed.

## IV. CONCLUSION

The Court DENIES Plaintiff's Objections To Magistrates Order Granting Sanctions (Dkt. No. 32), AFFIRMS the Magistrate Judge's February 23, 2010 decision to award attorney's fees but orders Defendant's counsel to submit a detailed accounting in support of the claimed 30 hours spent in preparation and argument on the two motions to compel and in attempting to resolve the matter without resort to formal hearings. The Court will render a decision on the appropriate amount of the award of attorney's fees following Defendant's counsel's submission of the requested accounting.

IT IS SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 22, 2010.

S/Denise Goodine
Case Manager